IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

HENRY W. ALTEVOGT,

    Plaintiff,

    v.                     CIVIL NO.: WDQ-11-1061

WILLIAM E. KIRWAN, et al.,

    Defendants.

MEMORANDUM OPINION

Henry Altevogt, without a lawyer, sued William E. Kirwan, chancellor of the University of Maryland, and others for employment discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. For the following reasons, the Defendants' motion to dismiss will be granted without prejudice, and Altevogt will be given 21 days to rewrite his complaint in accordance with this Memorandum Opinion.

I.    Background[1]

Beginning in April 1995, Altevogt, who is about 60 years old, was employed by the University of Maryland, Baltimore

---

[1] For the motions to dismiss, the well-pled allegations in Altevogt's complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

County ("UMBC") as a landscape technician. Compl. §§ 3, 6. He alleges that he "suffered back and shoulder disabilities in 1998 and [his] duties were adjusted until October 2006" to accommodate those disabilities. *Id.* § 6. In October 2006, Donna V. Anderson, a new grounds manager, assigned Altevogt to tasks which were "injurious to [his] back and shoulders," and UMBC "refused to honor" Altevogt's physical limitations. *Id.*

In August 2007, Altevogt told UMBC that "the discriminatory conduct [had] caused [him] to be diagnosed with clinical depression." James G. Dolan, UMBC's director of facilities management, "tried to use [Altevogt's] depression disability as a means to terminate [him]" and "alleged that [he] made a statement which [he] never made as a pretext for termination." *Id.* This caused Altevogt "greater anxiety and mental torment which worsened [his] disability," but unlike other employees, Altevogt was not given leave without pay and was terminated on November 10, 2008. *Id.;* Defs.' Mot., Ex. 1 at 3. After Altevogt was terminated, David Gleason, UMBC's acting counsel, "made false statements" about Altevogt to "a third party," which prevented him from obtaining a new job. Compl. § 6.

Altevogt filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on February 4, 2011, the EEOC issued a right to sue notice. Compl., Ex. 1. On April 20, 2011, Altevogt filed a *pro se* complaint in this Court

alleging that the Defendants had violated the ADA and ADEA. ECF No. 1. On June 3, 2011, the Defendants moved to dismiss. ECF No. 6.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(*quoting Twombly,* 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

B.  ADEA Claim

Under the ADEA an employer may not "discharge any individual or otherwise discriminate against any individual with respect to . . . privileges of employment, because of such individual's age." 29 U.S.C. § 623 (a)(1). To state a *prima facie* case under the ADEA, Altevogt must allege facts showing that: (1) he is over 40 years old, (2) he suffered an adverse employment action, (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action, and (4) similarly situated employees outside of his protected class received more favorable treatment. *See White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 (4th Cir. 2004).

Altevogt has alleged that he is within the protected class and suffered an adverse employment action, *i.e.,* termination.

4

But, he has not alleged facts sufficient to show that he was meeting his employer's expectations at the time of the termination, or that employees outside the protected class were treated more favorably. Instead, Altevogt alleges only that between 1995 and 2006 his performance evaluations were "satisfactory or above,"[2] and that other unspecified employees—whose ages are unknown—were allowed leave without pay instead of being terminated. His complaint further implies that he was terminated because of his disability, not his age. Accordingly, the motion to dismiss will be granted as to the ADEA claim.

C. ADA Claim

To state a claim under the ADA, Altevogt must show that: (1) he has a disability, (2) he is otherwise qualified for the employment or benefit in question, and (3) he was excluded from that employment or benefit solely because of his disability. *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995).

---

[2] Although satisfactory performance reviews may be used to show that an employee was meeting expectations, Altevogt must show he was meeting expectations "at the time" he was terminated. See *Pilger v. D.M. Bowman, Inc.*, 2011 WL 2269342, at *5 (D. Md. Jun. 3, 2011). Altevogt was terminated in 2008; his 1995 through 2006 performance reviews do not establish the *prima facie* case. See *id.* (performance review from eight months before termination was insufficient); *O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 547 (4th Cir. 1995)(employee's 1989 performance review was irrelevant to whether his performance was satisfactory when he was terminated in August 1990), *rev'd on other grounds*, 517 U.S. 308 (1996).

Altevogt has alleged that he has back and shoulder "disabilities" and depression. However, he has not shown that these conditions substantially limit a major life activity, as required by the ADA.[3] He also has not alleged facts showing that he was excluded from employment or a benefit *because* of his disability. Instead, he makes only the conclusionary allegation that the Defendants "discriminated against [him] due to [his] disability." Compl. § 6. Altevogt does not satisfy the federal pleading standards by merely pleading facts "consistent with [the] defendant[s'] liability"; he must provide sufficient detail to allow the Court to "draw the reasonable inference that the defendant[s are] liable" under the ADA. *Iqbal*, 129 S. Ct. at 1949. Accordingly, Altevogt's ADA claim will be dismissed.

D. Defamation Claim

To the extent Altevogt's complaint may be viewed as stating a claim for defamation, that claim will also be dismissed. To allege defamation under Maryland law, the plaintiff must show that: (1) the defendant made a defamatory statement about him to

---

[3] To show a disability within the ADA, Altevogt must allege: (1) a physical or mental impairment that substantially limits a major life activity, (2) a record of that impairment, or (3) that he is regarded as having that impairment. *Rohan v. Network Presentation, LLC*, 375 F.3d 266, 273 (4th Cir. 2004). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102 (2)(A).

a third party, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff was harmed as a result. *S. Volkswagen, Inc. v. Centrix Fin.*, 357 F. Supp. 2d 837 (D. Md. 2005). Again, Altevogt has made only conclusionary allegations devoid of sufficient facts to show that he is entitled to relief. For instance, he has not identified the third party the defamatory remark was made to, stated the content of the remark, or alleged what employment this prevented him from obtaining.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be granted. Because Altevogt is representing himself, the dismissal will be without prejudice, and Altevogt will be given an opportunity to rewrite his complaint in accordance with this Memorandum Opinion. But, he is warned that if he does not adequately amend his complaint it will be dismissed with prejudice.

_____8/10/11_____　　　　　　　_____
Date　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge

7